LAW OFFICES OF LAURIE E. MORRISON

September 7, 2021

100 Church Street, 8th Floor      28 Valley Road, Suite #1
New York, New York 10007          Montclair, New Jersey 07042

Phone: (212) 721-4051
Cell: (646) 457-8347
morrison@lemorrisonlaw.com

**VIA ECF**

Hon. Ronnie Abrams, U.S.D.J.
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Room 2203
New York, NY 10007-1312

<u>**RE: La Van et al. v. Goodwill et al.**</u>
<u>**Case No.: 21-cv-05311 (RA)**</u>

Dear Hon. Abrams:

  This office represents the Plaintiffs in the above referenced matter. We write to respectfully request a teleconference with the Court[1] so that Plaintiffs may move to compel Defendants Goodwill, Goodwill Industries Of Greater New York And Northern New Jersey, Inc., and Goodwill NYNJ (collectively, "Goodwill") to produce the last known home and business address(es), phone number(s), and email address(es) of Individual Defendant Dari Badmaeva for service of process purposes.

  Defendant Badmaeva is a former employee of Defendant Goodwill, so they already have and could quickly and easily provide her requested contact information. Unfortunately, Goodwill made it clear today that they would not provide the information at this time without a Court Order.

  Plaintiffs' counsel contacted defense counsel on July 16th, on August 23rd, and again today, in an attempt to receive the information from Goodwill without having to involve the Court, to no avail. On July 16th, defense counsel stated that they had been trying to reach Ms. Badvaeva, and that at that time they did not have the authority to turn over her information without a formal discovery request (which would not be served until the currently scheduled September 24th Rule 26f initial conference, Dkt. #9). Plaintiffs followed-up on August 23rd and again today; however, Goodwill did not respond until this afternoon, when they stated that they would not provide the requested information.

  Provided that Ms. Badmaeva's last known home and business address(es), phone number(s), and email address(es) are received, Plaintiffs do not anticipate needing an extension in their time to serve the Amended Complaint on Ms. Badmaeva. The Amended Complaint was filed on July 14th (Dkt. #14), so Plaintiffs have until October 12th (90-days from filing) to effect service. Nonetheless, once Plaintiffs receive the requested information, Plaintiffs will request that a summons be issued, so that Ms. Badmaeva can be served with the Amended Complaint as soon as possible.

For the reasons discussed at today's conference, this application is granted on consent.

SO ORDERED.

Respectfully Submitted,

Laurie E. Morrison, Esq.

_____
Hon. Ronnie Abrams
09/24/21

---

[1] To the extent that a teleconference would be required and/or to the extent that this could be considered a discovery dispute.