

**LAW OFFICES OF LAURIE E. MORRISON**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/19/2022

February 18, 2022

**VIA ECF**
Hon. Stewart D. Aaron, U.S.M.J.
500 Pearl Street, Courtroom: 11C
New York, NY 10007
Deputy Phone: (212) 805-4620; Chambers Phone: (212) 805-0274

100 Church Street, 8th Floor
New York, New York 10007

28 Valley Road, Suite #1
Montclair, New Jersey 07042

Phone: (212) 721-4051
Cell: (646) 457-8347
morrison@lemorrisonlaw.com

**RE: La Van et al. v. Goodwill et al.; Civ. Action No.: 21-cv-05311 (RA)(SDA)**

Dear Hon. Aaron:

Plaintiffs submit this letter, jointly with Defendants, to respectfully request a pre-motion teleconference to resolve the parties' remaining discovery disputes.

Per the Court's direction (Order, Dkt. #39), and in accordance with Rule II(B) of Your Honor's Individual Rules, the parties conferred several times via telephone in an attempt to resolve their discovery disputes, including doing so for approximately one hour on February 4th and on February 10th, and further communicating via email. Despite the parties' diligent efforts, it seems to Plaintiffs that several disputes remain, which necessitated the herein application.

**Background:**

In an attempt to resolve the parties' discovery disputes, Plaintiffs prepared and served one set of amended interrogatories and document requests (hereinafter, "discovery requests") on the Goodwill entities on behalf of all Plaintiffs collectively, which comprised 149 requests in total comparable to Defendants' 93 requests served on Plaintiffs. (*See Ref.* Discovery Requests, EXHIBIT 1).[1]

Thus, for each discovery request, Goodwill now need only provide one set of responses and objections for all Plaintiffs (since they would be identical for all Plaintiffs) -- but Plaintiffs requested that Defendants produce/identify documents and/or give interrogatory answers with respect to each Plaintiff specifically. That way, Goodwill would respond to only one set of discovery requests for all the Plaintiffs collectively -- while at the same time, notifying each Plaintiff of the documents/interrogatory information that pertains to each Plaintiff specifically to support her individual case in chief and/or to address defenses related to the same. Plaintiffs believe that there would be no added burden for Defendants to simply state which specific documents and/or interrogatory information pertained to which Plaintiff.

For example, document request No. 9 calls for the production of documents relating to the termination of "Each Plaintiff's employment" – and Defendants would respond by providing one group of objections for all Plaintiffs collectively (since the objections would be identical for each plaintiff) and would state for example "all 3 Plaintiffs docs 122-205, for Plaintiff Bennett only docs 210-250". (*See Ref.*, EXHIBIT 1, Discovery Requests, at p. 15).

---

[1] Plaintiffs also combined some of the document requests to further accommodate Defendants' requests, and Plaintiffs served Amended discovery requests to the two individual Defendants that were heavily truncated in reliance on defense counsel's confirmation during our call on February 4th that the individual Defendants would likely not have many pertinent documents.

**Plaintiffs' Position:**

1. <u>Amended Document Requests</u>

As stated in Your Honor's Order, **"Plaintiffs are entitled to know from Defendants the identities of witnesses with knowledge of relevant information and to receive documents relevant to claims and defenses."** (Dkt. #39). Fed. R. Civ. P. 33(1)(a) and 34(a) further authorized each Plaintiff to receive responses and documents from Defendants that pertain <u>to each Plaintiff specifically</u> to support her case-in-chief and to address each of the defenses related to her case-in-chief – rather than receiving a stack of documents/information and having to guess which information Defendants intended to relate to her rather than to her co-Plaintiffs.

Unfortunately, despite what appeared to Plaintiffs to be an agreement between the parties last week (*see e.g.*, emails, dated 2/10/22, attached herein as <u>EXHIBIT 2</u>), Defendants confirmed this Friday morning that their discovery responses would <u>not</u> identify which documents/information specifically pertained to which Plaintiff's claims and/or related defenses. Rather, for each and every discovery response, Defendants shifted the responsibility to *<u>Plaintiffs</u>* to sift through and to identify each of Defendants' documents. And, "if it is not clear from the face of the document" then "Defendants would <u>*work with [Plaintiffs]*</u> to identify" each document's pertinence to each Plaintiff's discovery requests – rather than Defendants identifying the responsive documents themselves at the outset as Fed. R. Civ. P. 33(1)(a) & 34(a) and the Court's Order required. (*See e.g.*, Emails, dated 2/18/22, attached herein as <u>EXHIBIT 3</u>).

Defendants also miss a key point that the Federal Civil Rules require that parties (including Plaintiffs) receive and be able to rely on such specific identifications/information <u>being expressly contained in written discovery responses</u>, rather than Plaintiffs having to guess Defendants' intentions or having to further clarify during subsequent telephone calls with counsel as Defendants suggested. Counsel having to clarify which documents pertained to which Plaintiff via subsequent telephone conversations would also be unnecessarily burdensome and time-consuming – and would risk making counsel fact witnesses should there be any material misunderstanding(s) between what counsel may have relayed/understood and their client's perceptions/intensions.

Defendants also assert defenses that they generalize across all Plaintiffs without providing any evidentiary support – thus, further highlighting the need to identify responsive documents related to each Plaintiff's specific case in chief for Plaintiffs' reference. Each of Defendants' 26 Affirmative Defenses, for example, asserted general, conclusory claims without specifying which defenses were intended to relate to which Plaintiff, and without specifying whether or not each of the defenses was intended to relate to one or more Plaintiffs. (*See Ref.*, Answer, at 98-101 of 102, attached herein as <u>EXHIBIT 4</u>). Thus, Interrogatory #6 and Document Requests #20-46 call for information/documents relevant to the Affirmative Defenses **"with respect to *<u>Each Plaintiff</u>*"** so that each Plaintiff can effectively respond to the defenses with respect to her case specifically, rather than having speculate from Defendants' document production in general.

Respectfully, Defendants' claim in their below section that the identifications would somehow be "obvious" is not only inaccurate -- but it also, again, misses the key point(s) here. For example, Defendants' assumption that every document they produce would somehow contain the name of one or more of the Plaintiffs to indicate its relevance to each discovery request would not be the case in several respects. Discovery requests calling for the production of policies pertaining to each Plaintiff

and notices to staff regarding the same would not contain any Plaintiff names – thus, their pertinence to each Plaintiff (or lack thereof) would not be readily apparent. (*See e.g.*, Doc Request Nos. 36, 102, 103). Information related to complaint procedures would also not contain any of the Plaintiff's names, and the same may be true with respect to requests calling for the production of documents related to any witnesses or experts. (*See e.g.*, Doc Request Nos. 104-109).

For that matter, some documents containing one Plaintiff's name may, in fact, be pertinent to a *different* Plaintiff and/or Plaintiffs with respect to a particular discovery request – which Plaintiffs may not know unless and until Defendants expressly disclose it in their discovery responses. Conversely, Defendants may have documents pertaining to one Plaintiff only with respect to one or more discovery request(s), but may have no documents pertaining to other Plaintiff(s) with respect to those same discovery request(s) – and Plaintiffs are entitled to have this information expressly stated in Defendants' discovery responses, rather than Plaintiffs having to wonder whether or not Defendants' documents were meant to apply to more than one Plaintiff even though the documents may appear otherwise on their face.

Overall, Plaintiffs request identifications that Defendants already have and could easily provide, and such transparency at the outset within discovery responses is fundamental to the discovery process proceeding efficiently and productively, without unnecessary delay, confusion and/or motion practice. It also bears noting that, without question, Defendants would have produced documents/information specific to each Plaintiff's claims had each Plaintiff initiated separate legal actions against them. Respectfully, Plaintiffs should not be prejudiced and denied the same, simply because they chose to file a joint action for efficiency purposes.

2. Amended Interrogatories

Defendants still do not agree to notify Plaintiffs of the general topics of each defense witness(es)' knowledge in their interrogatory responses. Defendants already have this information and could easily provide it, otherwise they would not have identified each person as a witness in the first place. Defendants are simply being asked to disclose this information to Plaintiffs to facilitate the discovery process. For example, Interrogatory No. 1 requests that Defendants identify each person with knowledge concerning the subject matter of the instant lawsuit with respect to Each Plaintiff, and requests the "general topics of each person's knowledge; e.g., Witness X- knowledge of Tiyana La Van's firing and of Karen Bennett's accommodation requests." (*See Ref.*, EXHIBIT 1, Discovery Requests, at p. 10).

Plaintiffs request this information so that they would not have to determine which witnesses to notice for depositions and would not have to prepare for depositions in a vacuum. Again, Defendants already have this information and could easily provide it – they simply refuse to do so.

In light of the above, Plaintiffs respectfully do not agree with Defendants' below stated opinion that there are somehow no remaining discovery disputes between the parties – even though Plaintiffs sincerely wished and made all diligent efforts for that to be the case. In reality, however, Defendants refusing to identify any documents/information specific to each Plaintiff's case in chief and to related defenses remains a substantial dispute that could result in further delays, confusion, and motion practice that both parties would prefer to avoid.

Defendants have also not provided any reason(s), whatsoever, for why the parties should delay approximately another 30-45 days to resolve the disputes until after service of their discovery responses

-- particularly when Defendants' declination to provide the requested information has been made plainly evident on several occasions..

**Defendants' Position:**

Defendants do not believe that there remains a discovery dispute between the parties that requires Your Honor's attention. Plaintiffs have served Defendants with amended discovery requests to which Defendants intend to respond. To the extent that any issues remain, they will properly be the subject of any objections that Defendants may interpose in response to the amended requests. If any issues remain following Defendants' responses, Defendants will again meet and confer with Plaintiffs to attempt to resolve those issues without involving the Court.

Several of Plaintiffs' interrogatories purport to require Defendants, in addition to identifying witnesses, to describe "the general topics" about which each person has knowledge, or "the general substance of" a person's involvement. Although Defendants have repeatedly advised Plaintiffs that such information is outside the permissible scope of interrogatories under Local 33.3 of the Southern District of New York, they have refused to amend these requests. Indeed, in this very letter, Plaintiffs continue to ignore the Local Rule. Nevertheless, Defendants believe that this issue can be addressed simply through ordinary objections to the scope of the interrogatories.

Furthermore, while Plaintiffs have purported to require Defendants, in response to each document request, to identify the source and relevant plaintiff for each document, Defendants believe such a response is likely unnecessary and will be overly burdensome. Defendants reserve the right to object on that or any other appropriate basis. Defendants have also advised Plaintiffs that the information that they seek will likely be obvious on the face of the documents but that if there is any question concerning the source of a document, or the plaintiff to which it relates, Defendants will gladly provide the necessary identifying information to Plaintiffs. Indeed, Defendants have already produced approximately 246 pages of documents and Plaintiffs have not requested clarification or expressed confusion about a single page.

Plaintiffs' amended requests have sufficiently narrowed the outstanding issues between the parties to permit the Defendants to respond, without waiving Defendants' right to interpose necessary objections. Therefore, we believe that Plaintiffs are continuing to involve the Court in this matter unnecessarily.

Respectfully Submitted,

| By: /s/ Laurie E. Morrison | By: /s/ Michele A. Coyne |
|---|---|
| Laurie E. Morrison | Michele A. Coyne |
| | |
| Law Office of Laurie E. Morrison | Kauff McGuire & Margolis LLP |
| 100 Church Street, Suite #801 | 950 Third Avenue, 14th Floor |
| New York, New York 10007 | New York, New York 10022 |
| (212) 721-4051 (office) | (212) 644-1010 (office) |
| (646) 651-4821 (fax) | (212) 644-1936 (fax) |
| | coyne@kmm.com |
| | |
| Attorney for Plaintiffs | Attorneys for Defendants |

| *Tiyana La Van, Tiffany Dantzler and Karen Bennett* | *Goodwill Industries of Greater New York and Northern New Jersey, Inc., Zineb Rachad, and Dari Badmaeva* |

The Court has reviewed the document filed to the ECF docket by Plaintiffs' counsel early this morning as "JOINT LETTER MOTION for Discovery." (ECF No. 42.) The motion that is made for the Court to hold a conference appears to be made only on behalf of Plaintiffs, as Defendants take the position in the joint letter that there no longer "remains a discovery dispute between the parties that requires [the Court's] attention." (*See id*. at 4.) In any event, the motion for a conference is DENIED. There is no ripe dispute for the Court to resolve until Defendants have responded to Plaintiffs' amended discovery requests and the parties have met and conferred to resolve any disputes. Thus, it is hereby ORDERED that, no later than 3/16/2022, Defendants shall respond to Plaintiffs' amended discovery requests (ECF No. 42-1), consistent with the requirements of the Federal Rules of Civil Procedure and the Local Civil Rules. Thereafter, the parties shall meet and confer regarding any disputes before seeking court intervention.

Given the amended discovery requests that have been served, the Court DENIES AS MOOT the Letter Motions filed by the parties regarding Plaintiffs' prior requests (ECF Nos. 37 and 38). SO ORDERED.

Dated: 2/19/2022

*[signature: Stuart D. Aaron]*